T.C. Summary Opinion 2007-22

UNITED STATES TAX COURT

CHRISTOPHER CLIFFORD ROILAND, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4692-06S.               Filed February 14, 2007.

Christopher Clifford Roiland, pro se.

<u>Jeffrey S. Luechtefeld</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $2,184 deficiency in petitioner's 2002 Federal income tax.  Respondent also determined additions to tax of $491.40 and $327.60 under section 6651(a)(1) and (2), respectively.  After concessions,[1] the issues for decision are: (1) Whether petitioner received $12,613 of wage income, and (2) whether petitioner is liable for an addition to tax under section 6651(a)(1).

### Background

Petitioner resided in Seminole, Florida, when the petition was filed.

In 2002, petitioner worked for the Steel Detailers, Inc. (the company).  The record does not indicate the precise nature of petitioner's duties for the company although petitioner indicated that he worked with computers.  Petitioner earned $12,613 in 2002 but did not file a Federal income tax return for that year.

Respondent issued petitioner a notice of deficiency in November 2005.  Respondent determined that petitioner had unreported income of $12,613.  Respondent also determined an addition to tax under section 6651(a)(1) based on petitioner's failure to file a return.

---

[1] Respondent concedes that petitioner was an employee for Federal income tax purposes in 2002 and, therefore, was not subject to self-employment tax.  Respondent also concedes the addition to tax under sec. 6651(a)(2).

## Discussion

In general, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of showing the determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Pursuant to section 7491, the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Because the facts are not in dispute, we decide this case without regard to the burden of proof.

### 1. Unreported Income

Section 61(a) provides that gross income means all income from whatever source derived. At trial, petitioner acknowledged that he had received $12,613 of wage income from the company in 2002. Accordingly, respondent's determination on this issue is sustained.

### 2. Addition to Tax Under Section 6651(a)(1)

If a tax return is not timely filed, an addition to tax will be assessed "unless it is shown that such failure is due to reasonable cause and not due to willful neglect". Sec. 6651(a)(1). The Commissioner has the burden of production with respect to the liability of any individual for an addition to tax under section 6651(a)(1). Sec. 7491(c). The burden of showing reasonable cause under section 6651(a) remains on the taxpayer. Higbee v. Commissioner, 116 T.C. 438, 446-448 (2001).

At trial, petitioner acknowledged that he had failed to file his 2002 tax return. Accordingly, respondent has met his burden of production.

Petitioner contends that he had reasonable cause for his failure to file. Petitioner's testimony on this point was somewhat unclear, but he appears to argue that he received a Form 1099-MISC, Miscellaneous Income, which is generally used to report income paid to independent contractors, instead of a Form W-2, Wage and Tax Statement, which is used to report income paid to employees. Petitioner contends that because he was an employee rather than an independent contractor, he could not file a tax return unless he received a Form W-2. We disagree.

Unavailability of information does not constitute reasonable cause for failing to file a return. Crocker v. Commissioner, 92 T.C. 899, 913 (1989). A taxpayer is required to file timely using the best information available and to file thereafter an amended return if necessary. Estate of Vriniotis v. Commissioner, 79 T.C. 298, 311 (1982). Petitioner does not dispute that the Form 1099-MISC he received accurately reported the amount of income he received from the company. Even if this information was inaccurate or reported on the wrong form, petitioner was required to file a return and, if necessary, file an amended return thereafter. See id. Accordingly, petitioner

has not demonstrated reasonable cause.  Respondent's determination on this issue is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.